

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2007

# Schwartz v. Barney

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Schwartz v. Barney" (2007). *2007 Decisions*. Paper 1497.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1497

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-121                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5076
_____

STEVEN ALLEN SCHWARTZ,
                                                    Appellant,

v.

SMITH BARNEY; JOEL SILVERMAN; DONALD ACKERMAN
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-05305)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
February 8, 2007

Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed  March 12, 2007)
_____

OPINION
_____

PER CURIAM

    Appellant Steven Schwartz was convicted in United States District Court for the

Eastern District of Pennsylvania, see United States v. Schwartz, D.C. Crim. No. 03-cr-

00035-1, of conspiracy, wire fraud, bank fraud, and use of a fictitious name for mailing,

and sentenced to a term of imprisonment of 225 months.  That case presently is on appeal in this Court at C.A. No. 05-3767.  He also was convicted, in the same court, see United States v. Schwartz, D.C. Crim. No. 04-cr-00231, of bank fraud and wire fraud, and, in this case, he was sentenced to a term of imprisonment of 18 months.[1]  This case also presently is on appeal in this Court at C.A. No. 05-2770.  Schwartz is represented in both of his direct criminal appeals by counsel, Mark E. Cedrone, Esquire.  He has filed motions to have new counsel appointed, which the Court has denied.

Schwartz presently is in federal custody in New Jersey.  On November 6, 2006, he initiated a civil action pro se against Smith Barney and two individuals by filing a motion for a temporary restraining order, Fed. R. Civ. Pro. 65.  Schwartz sought to enforce section 17(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78q(a), and Rules 17a-3 and 17a-4, 17 C.F.R. §§ 240.17a-3 and 240.17a-4, which impose certain record keeping requirements on brokers and dealers and others.  Schwartz contended that Smith Barney has under its control a May 11, 2000 authorization from Alex Warren to send a company by the name of BAMM $149,000.  This authorization, according to Schwartz, would prove that government witness Warren committed perjury when he testified at Schwartz' criminal trial that he never heard of this company "BAMM."  Having tried and failed to obtain the desired relief from the National Association of Securities Dealers ("NASD"), Schwartz asked the District Court to order Smith Barney to preserve and

---

[1] The sentences are to run consecutively for a total sentence of 243 months.

produce this item (and possibly other records). He contended that the authorization would prove that he is innocent of all charges, at least in United States v. Schwartz, D.C. Crim. No. 03-cr-00035-1.

The District Court declined to exercise jurisdiction over the motion for injunctive relief and dismissed the civil action in an order entered on November 22, 2006. The court suggested that Schwartz attempt through his direct criminal appeals to obtain the desired "evidence." Schwartz appeals pro se. Our Clerk granted him leave to appeal in forma pauperis and advised him that this civil appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B). Schwartz has filed a "Motion For Clarification, etc.," in which he explained that he wishes to prove in his direct criminal appeals, through the use of the sought after item(s), that the government knowingly presented perjured testimony, see Napue v. Illinois, 360 U.S. 264, 269 (1959). He is uncertain how to proceed because our Local Appellate Rule 31.3 prohibits the filing of pro se briefs in criminal cases when a party is represented by counsel, Mr. Cedrone allegedly is unwilling to pursue the issue, and the District Court declined to exercise jurisdiction in his civil case.

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a)(1), and Rules 17a-3 and 17a-4, 17 C.F.R. §§ 240.17a-3 and 240.17a-4, do indeed impose stringent record keeping requirements on certain businesses like Smith Barney. However,

section 17(a) does not create a private cause of action in favor of anyone. <u>Touche Ross &</u> <u>Co. Redington</u>, 442 U.S. 560, 569 (1979). Section 17(a) simply requires "certain regulated businesses to keep records and file periodic reports to enable" the Securities and Exchange Commission to perform its regulatory functions. <u>Id.</u> The reports and records provide the Commission with the information necessary to oversee compliance with and enforce the relevant statutes and regulations, "[b]ut § 17(a) does not by any stretch of its language purport to confer private damages rights or, indeed, any remedy," <u>id.</u> at 570, nor is one implied, <u>id.</u> at 571. The District Court thus lacked jurisdiction to entertain Schwartz' civil action, just as it held.

We will dismiss this appeal as frivolous. The "Motion For Clarification, etc." is denied as moot.[2]

4

---

[2] Schwartz has requested permission to file his "Motion For Clarification, etc." in his direct criminal appeals. We will, in separate orders, refer this request for permission to file pro se, and the ""Motion For Clarification, etc." itself, to the merits panel which will consider his direct criminal appeals.